ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Thomas W. Kovacich, SBN 94046
Robert Fried, SBN 85579
Christopher S. Milligan, SBN 211532
17871 Park Plaza Drive, Suite 200
Cerritos, California 90703-8597
Telephone: (562) 653-3200 • (714) 826-5480
Facsimile: (562) 653-3333

Attorneys for S. J. WEAVER
CONTRACTING, INC. and STEVEN J.
WEAVER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD T. BERGO as CHAIRMAN and KARL BIK as CO-CHAIRMAN of the BOARD OF TRUSTEES FOR THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; CEMENT MASONS VACATION/HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; CEMENT MASONS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and CEMENT MASONS APPRENTICESHIP AND TRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>    Plaintiffs,<br><br>vs.<br><br>S. J. WEAVER CONTRACTING, INC., a California corporation; and STEVEN J. WEAVER, an Individual,<br><br>    Defendant. | **CASE NO. C-04-4723 SI**<br>Assigned to Hon. Susan Illston for all purposes.<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE PRODUCTION OF DOCUMENTS**<br><br>Complaint Filed:     11/08/04<br>Voluntary Petition Filed:     05/10/05 |

IT IS HEREBY STIPULATED by and between EDWARD T. BERGO as CHAIRMAN and KARL BIK as CO-CHAIRMAN of the BOARD OF TRUSTEES FOR THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; CEMENT MASONS VACATION/HOLIDAY

TRUST FUND FOR NORTHERN CALIFORNIA; CEMENT MASONS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and CEMENT MASONS APPRENTICESHIP AND TRAINING TRUST FUND FOR NORTHERN CALIFORNIA ("Plaintiffs or the "Trust Funds"), through their attorneys of record, Stanton, Kay & Watson, LLP, by James P. Watson, and STEVEN J. WEAVER ("Mr. Weaver"), through his attorneys of record, Atkinson, Andelson, Loya, Ruud & Romo, by Thomas W. Kovacich, as follows:

1. Plaintiffs filed a Complaint on November 8, 2004 for breach of an alleged collective bargaining agreement between S.J. Weaver Contracting, Inc. ("SJW") and the Northern District Council of Laborers (the "Union"). The Complaint also sought damages against Mr. Weaver, alleging that he and SJW constituted a "single employer" and was therefore also bound to the terms and conditions of the collective bargaining agreement.

2. On May 10, 2005, SJW filed a voluntary petition seeking federal bankruptcy protection.

3. On May 13, 2005, SJW gave notice to the Court and Plaintiffs of the bankruptcy petition.

4. On June 3, 2005, the Court granted Mr. Weaver's Motion to Set Aside Default Judgment.

5. Plaintiffs still seek to enforce the terms and conditions of the collective bargaining agreement against Mr. Weaver.

6. On June 17, 2005, Mr. Weaver filed his Answer to the Complaint denying Plaintiffs various allegations and raising additional affirmative defenses.

7. On July 27, 2005, the Court held a Case Management Conference, wherein the Court directed Plaintiffs to conduct the deposition of Steven Weaver in October 2005, in order to determine if there was any basis for continuing to include him in the lawsuit as an individual defendant. The Court directed that Mr. Weaver should file a summary judgment motion following the deposition, on or before

November 4, 2005, with a hearing date of December 9, 2005, should Plaintiffs be unwilling to dismiss him as an individual defendant following his deposition.

8. Plaintiffs have served extensive written documents requests on Mr. Weaver, and the parties have agreed that Mr. Weaver's deposition will take place on October 7, 2005.

9. Mr. Weaver contends that the records requested by the Trust Funds contain SJW's and Mr. Weaver's private, confidential, proprietary and trade secret information. (Mr. Weaver also contends that the records are vastly overbroad and objects that he be required to produce voluminous records of the now-defunct corporation, SJW, at his own considerable time and expense.) However, Mr. Weaver is willing to make certain responsive documents available for Plaintiffs to review and copy in accordance with the terms of this Stipulation.

10. Plaintiffs have therefore agreed that the documents produced by Mr. Weaver shall be produced and used expressly for the purposes of determining whether Plaintiffs have a viable claim against Mr. Weaver in the instant lawsuit Plaintiffs agree that they will not utilize the information for any other purposes or outside of this litigation. Plaintiffs also agree that they will not cause any information from these records to be distributed to any parties other then Plaintiffs' counsel.

11. Within thirty (30) days after the conclusion of this lawsuit, counsel for the Trust Funds shall promptly return to Mr. Weaver all documents and copies produced pursuant to this stipulation.

///
///
///
///

| | |
|---|---|
| DATED: September ____, 2005 | STANTON, KAY & WATSON, LLP |
| | By: /s/_____<br>James P. Watson, Esq.<br>Attorneys for Plaintiffs |
| DATED: September ____, 2005 | ATKINSON, ANDELSON, LOYA, RUUD & ROMO |
| | By: /s/_____<br>Thomas W. Kovacich<br>Christopher S. Milligan<br>Attorneys for S. J. WEAVER CONTRACTING, INC. and STEVEN J. WEAVER |

## [PROPOSED] ORDER

IT IS SO ORDERED.

DATED: _____

_____
HON. SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

