IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE MORENO, et al.,

        Plaintiffs,

  v.

S.J. WEAVER CONTRACTING, INC., et al.,

        Defendants.
                                   /

No. C 04-04699 SI
No. C 04-04723 SI

**ORDER RE: DISCOVERY AND MODIFYING SCHEDULE FOR MOTIONS**

        This order addresses a discovery dispute that has arisen with regard to defendant Steven Weaver's production of documents. The Court has reviewed defendant's letter briefs dated October 3, 2005 and October 7, 2005, and plaintiffs' letter briefs dated October 5, 2005 and October 10, 2005.[1]

        The Court concludes that plaintiffs are entitled to some, but not all, of the discovery at issue. Plaintiffs seek documents from defendant Weaver on the theory that Weaver and the now-bankrupt defendant S.J. Weaver Contracting, Inc., operated as a "single employer." Assuming that defendant Weaver can be held liable under such a theory (a question that is not currently before the Court), plaintiffs would need to show that Weaver and the company shared common ownership, common management, an interrelation of operations, and centralized control of labor relations. *See UA Local 343 v. NorCal Plumbing, Inc.*, 38 F.3d 1467, 1473 (9th Cir. 1994). Thus, discovery directed at the degree to which the finances of Weaver and the company are interrelated is relevant.

        Defendant contends that the discovery at issue is burdensome and irrelevant because it seeks documents dating back to January 1, 2000, and that discovery should be limited to January 1, 2004 and after because the contract at issue was signed in December of 2003. Although the Court agrees that discovery prior to January 1, 2004 is relevant to plaintiffs' claims, the Court is also mindful of the burden placed on defendant

---

[1] These letters are found at docket nos. 48, 49, 50 and 51 in 04-4699 SI, and 50, 51, 52 and 52 in 04-4723 SI.

in responding to plaintiffs' discovery. Accordingly, the Court limits discovery to no earlier than January 1, 2002. Defendant is directed to supplement his previous responses with this time period in mind by **November 18, 2005.** (The Court notes that defendant's October 7, 2005 letter states that he has not refused to produce documents for any of the specific categories listed on page 4 of plaintiffs' October 5, 2005 letter, but rather there were no responsive documents from 2004 or 2005 for those categories.)

Defendant also seeks a protective order to protect private and confidential information about the company's third party employees. Defendant states that some of the discovery at issue, such as payroll records, contains private information about these individuals. The Court notes that there is a protective order already in place in this case. Defendant contends that this protective order is limited to the production of documents that occurred on September 26, 2005, and that it will not protect the privacy rights of third parties. The parties are directed to meet and confer regarding a new protective order (or a modification of the current protective order) that will protect the privacy rights of third parties. The parties shall file a proposed protective order to the Court by **November 4, 2005.**

Both plaintiffs and defendant describe ongoing discovery involving third parties Comerica Bank and its law firm, Sheppard, Mullin, Richter & Hampton LLP; plaintiffs suggest the discovery produced has been deficient, while defendant contends that production thus far has been adequate and that plaintiffs' discovery of third parties has been burdensome. However, neither party has filed a request for relief regarding the third party discovery, and thus this order does not address any such issues.

Finally, plaintiffs request modification of the scheduling order in this case to allow for an extension of time to file motion papers, which are currently due November 4, 2005 with a hearing reserved for December 9, 2005. The Court hereby modifies the schedule such that any motions shall now be heard on **January 6, 2005**, with papers to be filed according schedule set forth in the Civil Local Rules. If the parties require an extension beyond that date, they may request a telephone conference with the Court.

**IT IS SO ORDERED**

Dated: October ___, 2005

SUSAN ILLSTON
United States District Judge

2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE MORENO, et al.,

        Plaintiffs,

  v.

S.J. WEAVER CONTRACTING, INC., et al.,

        Defendants.
                                /

No. C 04-04699 SI
No. C 04-04723 SI

**ORDER RE: DISCOVERY AND MODIFYING SCHEDULE FOR MOTIONS**

       This order addresses a discovery dispute that has arisen with regard to defendant Steven Weaver's production of documents. The Court has reviewed defendant's letter briefs dated October 3, 2005 and October 7, 2005, and plaintiffs' letter briefs dated October 5, 2005 and October 10, 2005.[1]

       The Court concludes that plaintiffs are entitled to some, but not all, of the discovery at issue. Plaintiffs seek documents from defendant Weaver on the theory that Weaver and the now-bankrupt defendant S.J. Weaver Contracting, Inc., operated as a "single employer." Assuming that defendant Weaver can be held liable under such a theory (a question that is not currently before the Court), plaintiffs would need to show that Weaver and the company shared common ownership, common management, an interrelation of operations, and centralized control of labor relations. *See UA Local 343 v. NorCal Plumbing, Inc.*, 38 F.3d 1467, 1473 (9th Cir. 1994). Thus, discovery directed at the degree to which the finances of Weaver and the company are interrelated is relevant.

       Defendant contends that the discovery at issue is burdensome and irrelevant because it seeks documents dating back to January 1, 2000, and that discovery should be limited to January 1, 2004 and after because the contract at issue was signed in December of 2003. Although the Court agrees that discovery prior to January 1, 2004 is relevant to plaintiffs' claims, the Court is also mindful of the burden placed on defendant

---

[1] These letters are found at docket nos. 48, 49, 50 and 51 in 04-4699 SI, and 50, 51, 52 and 52 in 04-4723 SI.

in responding to plaintiffs' discovery. Accordingly, the Court limits discovery to no earlier than January 1, 2002. Defendant is directed to supplement his previous responses with this time period in mind by **November 18, 2005.** (The Court notes that defendant's October 7, 2005 letter states that he has not refused to produce documents for any of the specific categories listed on page 4 of plaintiffs' October 5, 2005 letter, but rather there were no responsive documents from 2004 or 2005 for those categories.)

Defendant also seeks a protective order to protect private and confidential information about the company's third party employees. Defendant states that some of the discovery at issue, such as payroll records, contains private information about these individuals. The Court notes that there is a protective order already in place in this case. Defendant contends that this protective order is limited to the production of documents that occurred on September 26, 2005, and that it will not protect the privacy rights of third parties. The parties are directed to meet and confer regarding a new protective order (or a modification of the current protective order) that will protect the privacy rights of third parties. The parties shall file a proposed protective order to the Court by **November 4, 2005.**

Both plaintiffs and defendant describe ongoing discovery involving third parties Comerica Bank and its law firm, Sheppard, Mullin, Richter & Hampton LLP; plaintiffs suggest the discovery produced has been deficient, while defendant contends that production thus far has been adequate and that plaintiffs' discovery of third parties has been burdensome. However, neither party has filed a request for relief regarding the third party discovery, and thus this order does not address any such issues.

Finally, plaintiffs request modification of the scheduling order in this case to allow for an extension of time to file motion papers, which are currently due November 4, 2005 with a hearing reserved for December 9, 2005. The Court hereby modifies the schedule such that any motions shall now be heard on **January 6, 2005**, with papers to be filed according schedule set forth in the Civil Local Rules. If the parties require an extension beyond that date, they may request a telephone conference with the Court.

**IT IS SO ORDERED**

Dated: October ___, 2005

SUSAN ILLSTON
United States District Judge

2