1  Elizabeth M. Khachigian (SBN 173379)
COMERICA BANK
2  333 W. Santa Clara Street, 12th Floor
MC 4855
3  San Jose, CA  95109
Telephone:  (408) 556-5894
4  Facsimile:  (408) 556-5897
E-mail:  emkhachigian@comerica.com
5  Attorney for Third Party
COMERICA BANK
6

7

8              UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10              (San Francisco Division)

11

12  EDWARD T. BERGO, et al.,          ) Case No.  C-04-4723 SI
                                   ) (Assigned to Hon Susan Illston for all purposes)
13              Plaintiffs,           )
                                   ) **STIPULATION AND [PROPOSED]**
14  v.                               ) **PROTECTIVE ORDER RE PRODUCTION**
                                   ) **OF DOCUMENTS**
15  S.J. WEAVER CONTRACTING, INC., et al., )
                                   )
16              Defendants.           )
                                   )
17                                   )
                                   )
18  _____)

19      IT IS HEREBY STIPULATED by and among Plaintiffs JOSE MORENO as CHAIRMAN

20  and LARRY TOTTEN as CO-CHAIRMAN of the BOARD OF TRUSTEES FOR THE

21  LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA;

22  LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA;

23  LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS

24  TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA

25  ("Plaintiffs" or the "Trust Funds"), through their attorneys of record, Stanton, Kay & Watson,

26  LLP, by James P. Watson; defendant STEVEN J. WEAVER ("Mr. Weaver"), through his

27

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER                    C-04-4723 SI

attorneys of record, Atkinson, Andelson, Loya, Ruud & Romo, by Thomas W. Kovacich; and third party COMERICA BANK (the "Comerica") as follows:

1.      Plaintiffs filed a Complaint on November 8, 2004 for breach of an alleged collective bargaining agreement between S.J. Weaver Contracting, Inc. ("SJW") and the Northern District Council of Laborers (the "Union").  The Complaint also sought damages against Mr. Weaver, alleging that he and SJW constituted a "single employer" and was therefore also bound to the terms and conditions of the collective bargaining agreement.

2.      On May 10, 2005, SJW filed a voluntary petition seeking federal bankruptcy protection.

3.      On May 13, 2005, SJW gave notice to the Court and Plaintiffs of the bankruptcy petition.

4.      On June 3, 2005, the Court granted Mr. Weaver's Motion to Set Aside Default Judgment.

5.      Plaintiffs still seek to enforce the terms and conditions of the collective bargaining agreement against Mr. Weaver.

6.      On June 17, 2005, Mr. Weaver filed his Answer to the Complaint denying Plaintiffs various allegations and raising additional affirmative defenses.

7.      Plaintiffs served the Custodian of Records of Comerica with a third party Subpoena in a Civil Case in the instant lawsuit on or about August 25, 2005 (the "Subpoena"), seeking certain information concerning Mr. Weaver and SJW.

8.      Comerica and Mr. Weaver contend, *inter alia*, that the records requested by the Plaintiffs contain SJW's and Mr. Weaver's private, confidential, proprietary and trade secret information.  Comerica further contends that the records requested by the Plaintiffs contain Comerica's proprietary and trade secret information.  Subject to objections to the Subpoena served by Comerica on Plaintiffs, Comerica is willing to make certain responsive documents available for Plaintiffs to review and copy in accordance with the terms of this Stipulation.

9.     Plaintiffs have therefore agreed that the documents produced by Comerica shall be produced and used expressly for the purposes of determining whether Plaintiffs have a viable claim against Mr. Weaver in the instant lawsuit.  Plaintiffs agree that they will not utilize the information for any other purposes or outside of this litigation.  Plaintiffs also agree that they will not cause any information from these records to be distributed to any parties other than Plaintiffs' counsel.

10.     Within thirty (30) days after the conclusion of this lawsuit, counsel for the Trust Funds shall promptly return to Comerica all documents and copies produced pursuant to this stipulation.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

DATED:  October 20, 2005            STANTON, KAY & WATSON, LLP

                                    By:      _____/s/_____
                                            James P. Watson, Esq.
                                            Attorneys for Plaintiffs
                                            EDWARD T. BERGO, *et al*.,

DATED:  October 20, 2005            COMERICA BANK

                                    By:      _____/s/_____
                                            Elizabeth M. Khachigian
                                            Senior Counsel

## [PROPOSED] ORDER

IT IS SO ORDERED.

DATED:  _____            _____
                                            HON. SUSAN ILLSTON
                                            DISTRICT JUDGE

GRANTED

Judge Susan Illston